1   **WO**

2

3

4

5

6

7   **IN THE UNITED STATES DISTRICT COURT**

8   **FOR THE DISTRICT OF ARIZONA**

9

Jerry Duran,                          )      No. CV10-8120 PCT DGC
10                                        )
            Plaintiff,                   )
11                                        )
vs.                                      )      **ORDER**
12                                        )
William Fleming, M.D., et al.            )
13                                        )
            Defendants.                  )
14   _____     )

15       The United States moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss

16   without prejudice Plaintiff's claims against it and to remand the case to state court.  Doc. 7.

17   The motion has been fully briefed.  Docs. 7, 13, 14.  The parties have not requested oral

18   argument.  The Court will grant the motion to dismiss and remand.

19       On February 10, 2010, Plaintiff Jerry Duran filed a complaint in Navajo County

20   Superior Court against several Defendants, alleging medical malpractice and lack of

21   informed consent.  Doc. 1-1 at 56-62.  On July 12, 2010, the United States, acting on behalf

22   of Defendants Catherine Taylor, M.D. and John Doe Taylor, removed the case to this Court.

23   Doc. 1.  No other defendants joined in the removal.  On the same date, the United States filed

24   a notice substituting itself for Defendants Catherine Taylor, M.D. and John Doe Taylor on

25   account of Dr. Taylor having been a federal employee and having acted in the scope of such

26   employment at the time of the alleged tort.  Doc. 2.

27       On July 13, 2010, the United States moved to dismiss Plaintiff's claims against it

28   because Plaintiff has not exhausted administrative remedies as required by the Federal Tort

Claims Act ("FTCA") and because exhaustion is a jurisdictional requirement that bars suit

in federal court if not met.  Doc. 7.  In its response, Plaintiff does not deny that he failed to exhaust administrative remedies or that the FTCA requires exhaustion.  *See* Doc. 13. Plaintiff nonetheless opposes dismissal on grounds that the motion is not ripe.  *Id*.  Plaintiff argues that he still has time to file an administrative claim under 28 U.S.C. § 2401(b) and Arizona law because he did not know that Dr. Taylor was a federal employee until the notice of substitution.  *See id*. at 2.  In its reply, the United States does not dispute that Plaintiff still has time to file an administrative claim.  *See* Doc. 14.

Because Plaintiff does not dispute the FTCA's exhaustion requirement and does not assert that he has filed an administrative claim, Plaintiff's claim against the United States is not ripe for adjudication in federal court.  *See Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 779 (9th Cir. 2000) ("[t]he basic purpose of the ripeness doctrine is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties" (internal quotation marks and citation omitted)). While Defendant's 12(b)(1) motion did not explicitly argue ripeness, a district court may raise ripeness *sua sponte*.  *See Western Oil and Gas Ass'n v. Sonoma County*, 905 F.2d 1287, 1289 (9th Cir. 1990); *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).  "[I]n evaluating ripeness, courts assess both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  *Ass'n. of Am. Med. Colls.*, 217 F.3d at 779-80.  Consistent with the policy of exhaustion, the Court concludes that judicial review should await completion of the administrative process.  That process might resolve Plaintiff's claims against the United States.  Plaintiff does not argue that requiring exhaustion will subject him to hardship.  The Court accordingly will dismiss the claims against the United States without prejudice on ripeness grounds.

Because the remaining defendants did not join the removal petition, this case will be remanded to state court.  *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

**IT IS ORDERED:**

1.       Defendant United States' motion to dismiss Plaintiff's claims against it (Doc. 7) is **granted in part** and **denied in part** as stated in this opinion;

2.       This case is remanded to Navajo County Superior Court.

DATED this 18th day of October, 2010.

_____
David G. Campbell
United States District Judge